LARA R. SHAPIRO (State Bar No. 227194)
4145 Via Marina # 324
Marina del Rey, CA 90292
Telephone: (310) 577-0870
Facsimile: (424) 228-5351

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Yvette Valdez

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| Yvette Valdez,<br><br>    Plaintiff,<br><br>    vs.<br><br>West Financial Services; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF FAIR DEBT COLLECTION practices ACT, 15 U.S.C. § 1692 et. seq;**<br>**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Yvette Valdez, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Yvette Valdez (hereafter "Plaintiff"), is an adult individual residing in Citrus Heights, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, West Financial Services, Inc. (hereafter "WFS"), is a Maryland company with an address of 1355 Beverly Road, Suite 250, McLean, Virginia 22101, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

2

6. Does 1-10 (the "Collectors") are individual collectors employed by WFS and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. WFS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

8. The Plaintiff incurred a financial obligation in the approximate amount of $641.00 (the "Debt") to HSBC (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to WFS for collection, or WFS was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     WFS Engages in Harassment and Abusive Tactics**

12. WFS called the Plaintiff in an attempt to collect the Debt.

3

13. WFS called the Plaintiff a "bitch," and said she "doesn't have an education," and is a "deadbeat."

14. WFS called the Plaintiff at her place of employment after the Plaintiff explained to WFS that she cannot take personal calls there.

15. WFS threatened to file legal action against the Plaintiff if she did not pay the Debt immediately.

16. WFS is adding interest and fees in violation of the Debt agreement.

17. WFS failed to notify the Plaintiff of her rights under state and federal law by written correspondence within five (5) days after initial contact, including the right to dispute the Debt.

C. **Plaintiff Suffered Actual Damages**

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

20. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

4

# COUNT I
# VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
# 15 U.S.C. § 1692, et seq.

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

23. The Defendants contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications, in violation of 15 U.S.C. § 1692c(a)(3).

24. The Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

25. The Defendants misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

26. The Defendants threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

27. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

28. The Defendants attempted to collect an amount not authorized by the agreement creating the debt, in violation of 15 U.S.C. § 1692f(1).

29. The Defendants failed to send the Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

30. The Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

31. The Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

32. The Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

33. The Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

34. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

35. The Plaintiff is entitled to damages as a result of the Defendants' violations.

### COUNT II
### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

36. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

38. WFS, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

39. The Defendants used obscene and profane language when speaking with the Plaintiff, in violation of Cal. Civ. Code § 1788.11(a).

40. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

41. The Defendants falsely represented that the Plaintiff's debt would be increased by the addition of attorney's fees, investigation fees, service fees, finance charges or other charges, when the charges could not be legally added to the debt, in violation of Cal. Civ. Code § 1788.13(e).

42. The Defendants falsely represented that a legal proceeding had been or was about to be instituted unless the debt was paid immediately, in violation of Cal. Civ. Code § 1788.13(j).

43. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

44. The Plaintiff is entitled to damages as a result of the Defendants' violations.

7

# PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

    C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

    D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

    E. Statutory damages of $1,000.00 per violation for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

    F. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

    G. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

    H. Punitive damages; and

    I. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: November 10, 2010                    LARA SHAPIRO


By: /s/ *Lara R. Shapiro*
Lara R. Shapiro

Attorney for Plaintiff
Yvette Valdez